CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 05, 2024
LAURA A. AUSTIN, CLERK
BY:  s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Claude David Convisser | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POP Diesel Africa, Inc., | ) | |
| | ) | Civil Action No. 3:24-cv-00083 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| University of Virginia, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Claude David Convisser, representing himself and co-Plaintiff POP Diesel Africa, Inc., brings this action to challenge restrictions on his right to access certain facilities at the University of Virginia.  Pending before the court is Convisser's emergency motion for a temporary restraining order (Dkt. 5).  Convisser asks the court to enjoin the University of Virginia School of Law from enforcing a short-term restriction on public access to its Law Library.  Because he has not shown he is likely to suffer irreparable injury in the absence of temporary injunctive relief, his motion is denied.

### I.    Background

#### A.  Factual Allegations

Convisser is the plaintiff in another lawsuit pending before this court, which he filed in September 2024.  (Verified Compl. ¶ 1 (Dkt. 1) [hereinafter "Compl."].)  In that case, he alleges

that Exxon Mobil Corporation and numerous other defendants conspired to block investment

in POP Diesel Africa, a company Convisser owns. (*Id.* ¶¶ 9, 41); *see Convisser v. Exxon Mobil*

*Corp. et al.*, No. 3:24-cv-00072 (W.D. Va. filed Sept. 9, 2024).

Since July 2024, Convisser has visited the Law Library daily to conduct research and

draft filings for the Exxon Mobil litigation. (Compl. ¶ 23.) Convisser is currently living

homeless in Charlottesville, and he alleges that the Law Library is the only public facility where

he can access the legal resources necessary to work on that litigation. (*Id.* ¶¶ 1, 14.) He also

explains that he does not connect his personal laptop or cell phone to the internet due to

concerns about "sabotage," so he must rely on the internet access at the Law Library's public

computer terminals. (*Id.* ¶¶ 20, 23.)

Recently, Convisser learned that the Law School would implement a policy that

temporarily bars members of the public who are not law students, faculty, or staff from using

the Law Library during the final exam period. (*Id.* ¶ 31.) The policy went into effect on

December 2, 2024, and runs through December 20, 2024. (*Id.* ¶¶ 31, 36; Pl.'s Ex. 6.) Law

Library staff informed Convisser that the policy does not prohibit him from checking out

books at the circulation desk. (*Id.* ¶ 31.) Convisser alleges that a student told him this policy

had not been in place during the last exam period in May 2024. (*Id.* ¶ 48.)

## B. Procedural History

Convisser filed this lawsuit against the University of Virginia on December 2, 2024.

(*See* Compl.) His verified complaint includes three causes of action for constitutional

violations under 42 U.S.C. § 1983. Two of those claims are relevant to his pending motion

for a temporary restraining order. Count 1 alleges that the Law School adopted the policy

restricting public access to the Law Library in retaliation for Convisser using the Law Library to exercise his First Amendment right to petition. (*Id.* ¶ 61.) Count 2 alleges that the policy violates substantive due process and equal protection because it prevents him from exercising his First Amendment rights to petition and free speech.[1] (*Id.* ¶ 73.)

The same day he filed his verified complaint, Convisser filed a motion for a temporary restraining order under Federal Rule of Civil Procedure 65(b). (Pl.'s Mem. in Support of Emergency Mot. for Temporary Restraining Order (Dkt. 6) [hereinafter "TRO Mem."].) He asks the court to order the University to immediately restore his unrestricted access to the Law Library and argues he will suffer irreparable injury if the court does not provide that relief. (*Id.* at 2–3.)

## II.      Standard of Review

Federal Rule of Civil Procedure 65(b) provides that the court may issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" only if the movant meets two conditions. Fed. R. Civ. P. 65(b)(1). First, the movant must point to "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the "movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required."[2] Fed. R. Civ. P. 65(b)(1)(B).

---

[1] The third and final count in Convisser's verified complaint alleges that the University of Virginia violated his substantive due process rights when it recently restricted his access to the University's Hospital and Medical School. (Compl. ¶¶ 76–77.) Those allegations are not relevant to his motion for a temporary restraining order.

[2] Here, Convisser states he has notified the University of Virginia of his motion for a temporary restraining order by delivering a copy of his complaint, motion, and memorandum in support. (Compl. ¶ 2.) He asks the court to issue a

In addition to satisfying those two conditions, the party moving for a temporary restraining order must show that each of the four factors outlined in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), favors temporary injunctive relief. *See Mogensen v. Welch*, 707 F. Supp. 3d 604, 609 & n.1 (W.D. Va. 2023) (citing *Toure v. Hott*, 458 F. Supp. 3d 387, 396 (E.D. Va. 2020)). That is, the movant must establish (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The movant must establish each of these four factors to obtain preliminary injunctive relief. *Henderson ex rel. NLRB v. Bluefield Hosp. Co.*, 902 F.3d 432, 439 (4th Cir. 2018).

### III.    Analysis

Convisser's motion for a temporary restraining order fails because he has not shown he is likely to suffer irreparable harm in the absence of injunctive relief.

In his motion and verified complaint, Convisser asserts that he will face irreparable injury if he cannot access the Law Library before the policy expires on December 20 because (1) multiple filing deadlines in the Exxon Mobil litigation fall before that date and (2) he is unable to travel to another library that offers public resources for legal research. (TRO Mem. at 2; Compl. ¶ 63.) The court is sympathetic to the limitations on Convisser's ability to travel, and the restrictions on public access to the Law Library certainly will make it more difficult

---

temporary restraining order without waiting for a response from the University. (*See id.* ¶ 1.) The court notes that "the University of Virginia" is not a proper legal entity that can be sued or served. *See Doe v. Univ. of Va.*, No. 3:23-cv-00018, 2024 U.S. Dist. Lexis 57932, at *18 (W.D. Va. Mar. 29, 2024).

for him to conduct legal research between now and December 20.  But this short-term inconvenience does not rise to the level of irreparable injury.

For one, the policy does not completely bar Convisser from accessing legal resources at the Law Library.  Although he cannot use the Library's public computer terminals (and thus cannot utilize subscription-based legal search tools), Library staff told him that he may continue checking out books from the circulation desk while the policy remains in effect. (Compl. ¶¶ 29, 31.)  Further, Convisser does not allege that the Law Library is the only public facility in the area where he can access the internet to conduct public-domain research and file documents in his other lawsuit.  As such, he has not shown that the policy prevents him from completing any meaningful work for that lawsuit.

The fact that the policy remains in effect only through December 20 further underscores that Convisser cannot show a sufficient risk of irreparable injury.  Convisser has not alleged any facts suggesting that the Law School plans to extend the public-access restrictions beyond that date.  If he believes he cannot meet certain filing deadlines for the Exxon Mobil litigation without access to the Law Library's online resources, he can ask the court to extend those deadlines.

## IV.    Conclusion

For the foregoing reasons, Convisser's motion for a temporary restraining order (Dkt. 5) is **DENIED**.

**ENTERED** this  5th  day of December, 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE